*** FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCCQ-25-0000822
08-MAY-2026
08:08 AM
Dkt. 161 OP

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

LAURIE BOLOS, et al., on behalf of herself
and all others similarly situated,
Plaintiffs-Appellants,

vs.

WALDORF=ASTORIA MANAGEMENT LLC operating as
Grand Wailea, a Waldorf Astoria Resort, et al.,
Defendants-Appellees.

SCCQ-25-0000822

CERTIFIED QUESTION FROM THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI'I
(CASE NO. 1:23-cv-00104-JMS-KJM)

MAY 8, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, JJ.,
AND CIRCUIT JUDGE NAKAMOTO, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY EDDINS, J.

**I.**

The United States District Court for the District of Hawai'i asks us to answer a certified question. What unit of measure applies when assessing minimum wage compliance and damages under

Hawai'i Revised Statutes (HRS) §§ 387-2 and 387-12?  Is it the per-workweek unit used under the federal Fair Labor Standards Act (FLSA)?  Or is it the per-hour unit?

Our answer: the per-hour unit applies.

HRS § 387-2 (2002) requires employers to pay employees wages "at the rate of not less than" the applicable minimum wage "per hour."  The word "per" means "for each."

HRS § 387-12 (2015 & Supp. 2022) enforces that requirement.  The remedy follows the rule – per hour, for "each" violation.

The statutes mean what they say and say what they mean.  Employers must pay their employees at least the minimum wage for each hour of work.  Nothing in HRS §§ 387-2 or 387-12 allows employers to average compensation across a workweek to satisfy minimum wage obligations.

Workweek averaging allows employers to pay workers nothing for some hours, so long as earnings from other hours make up the difference.  The Legislature did not authorize that result.  It directed employers to pay their employees a minimum wage "per hour."  That means for each hour.  Not on average.  Not after the fact.  For each hour worked.

## II.

Plaintiffs are massage therapists, estheticians, nail technicians, fitness instructors, and hair stylists who worked at Defendants' Grand Wailea hotel spa in South Maui.

The hotel required them to work a minimum number of hours and shifts each week. But it did not pay by the hour. Rather, the hotel compensated its spa workers only through commissions, a percentage of the price charged for a spa service.

Commissions were only generated when a client purchased a service. No commission meant no compensation.

But no commission did not mean they did no work.

When commission-generating work dried up, Plaintiffs still had to remain on-site. They waited for clients and performed other work for the hotel. This labor included cleaning and preparing treatment rooms, laundering hotel towels and linens, sweeping floors, taking inventory, and ordering supplies. The hotel also assigned Plaintiffs to work shifts in the retail store adjacent to the spa.

Plaintiffs allege that this unpaid work "often comprised the majority or the entirety of their scheduled shifts." They worked. They were not paid for that time.

Plaintiffs sued in federal court. They alleged, among other things, that Defendants failed to pay minimum wage under HRS §§ 387-2 and 387-12.

The U.S. District Court certified a question to this court.

We welcome the opportunity. Federalism works best when state and federal courts collaborate on unsettled questions of state law. See McGuire v. County of Hawai'i, 155 Hawai'i 475,

3

477, 567 P.3d 180, 182 (2025) ("we appreciate the federal courts' respect for the sovereignty of Hawai'i by inviting our court to first answer an unsettled area of state law").

We accepted the court's question. See Hawai'i Rules of Appellate Procedure Rule 13.

Then we ordered briefing, which concluded March 16, 2026. We held oral argument on April 28, 2026. We answer the certified question.

The choice between these two units of measure is not academic. It carries real-life consequences for Hawai'i's workforce.

Consider an example. Hawai'i's current minimum wage is $16 per hour. HRS § 387-2(a)(10). A massage therapist works 30 hours in a week. She spends 10 hours giving massages and 20 hours cleaning, doing laundry, and staffing the retail store for the hotel. She earns $500 in massage commissions for the week. Nothing more.

Under the per-hour unit, the therapist is entitled to at least $16 for each hour of work. No exceptions. If the hotel pays her nothing for the 20 hours she spends cleaning, doing laundry, and staffing the store, it violates the minimum wage law. The massage therapist is owed $320 for those 20 uncompensated hours.

4

The per-workweek unit gives the hotel an out. It can avoid paying the massage therapist $16 for each hour she works, as long as her average hourly rate that workweek is at least the statutory minimum. The therapist's total compensation ($500) divided by her total hours worked (30) yields an average hourly rate of $16.67. That clears the minimum. Under weekly averaging, the hotel satisfied the statute, even though it paid the therapist nothing for two-thirds of her working hours.

The per-workweek unit cuts deeper during a slow commission week. What if the therapist earned only $400 in commissions for 8 hours of massages? She still worked 22 additional hours that week. Across 30 hours, her average hourly pay dips to $13.33. Below the statutory minimum.

Both units find a violation. But the remedies diverge. Under the per-hour unit, she is owed $352 - $16 for each of the 22 uncompensated hours. Under the per-workweek unit, what is she owed? The shortfall in the average gives no answer. Per-hour or per-workweek? Calculated how? At what rate? Workweek averaging asks the question. The per-unit answers it.

Hawai'i's working families feel the difference.

### III.

We hold that Hawai'i's minimum wage law requires the per-hour unit of measure. The text compels this result. Legislative intent confirms it.

5

A.   Text

"Statutory interpretation starts with the statute's words." Alpha, Inc. v. Bd. of Water Supply, 154 Hawaiʻi 486, 490, 555 P.3d 173, 177 (2024).  Unless the statute itself compels a different reading, we take words at face value.  Saranillio v. Silva, 78 Hawaiʻi 1, 10, 889 P.2d 685, 694 (1995) (this court "give[s] words their ordinary meaning unless something in the statute requires a different interpretation").  When a term is not statutorily defined, we turn to "legal or other well accepted dictionaries as one way to determine the ordinary meaning."  Rodriguez v. Mauna Kea Resort LLC, 156 Hawaiʻi 289, 293, 574 P.3d 309, 313 (2025) (quoting State v. Tran, 154 Hawaiʻi 211, 221, 549 P.3d 296, 306 (2024)) (brackets omitted).

HRS § 387-2 declares that "every employer shall pay to each employee employed by the employer, wages at the rate of not less than[] . . . $ [applicable minimum wage] per hour." (emphasis added).

"Per" is undefined in the statute.  Black's Law Dictionary defines "per" to mean "for each; for every."  Per, Black's Law Dictionary (12th ed. 2024).  Merriam-Webster agrees: "for each." Per, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/per [https://perma.cc/J3RF-KGRW].

These words require employers to pay their employees at least the minimum wage for each hour.  The text does not

6

prescribe a particular pay structure. But it does guarantee a minimum amount of compensation for each hour worked. Pay structure is irrelevant. Cf. Carranza v. Dovex Fruit Co., 416 P.3d 1205, 1210 (Wash. 2018) ("The statute does not restrict employers to a specific compensation structure, but it does require an employer to pay its employees at least minimum wage 'per hour.'").

Nothing in HRS § 387-2 indicates that this per-hour directive may be sidestepped through weekly averaging. The statute is straightforward. The hour is the unit of measure.

Contrast the FLSA. Defendants urge us to adopt the workweek-averaging approach. The Ninth Circuit determined that the FLSA's text is ambiguous on this question. Douglas v. Xerox Bus. Servs., LLC, 875 F.3d 884, 886-87 (9th Cir. 2017). The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . not less than . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(C) (emphasis added).

Douglas recognized that the phrase "in any workweek" injected ambiguity, signaling that the hour might not be the sole measure. 875 F.3d at 886. Unable to resolve the question on text alone, the court turned to agency guidance and persuasive caselaw. Id. at 887.

7

HRS § 387-2 omits "workweek." This choice matters. The FLSA leaves room for a different measure. Our law does not. No textual clue leaves HRS § 387-2 "open to an interpretation" permitting workweek averaging. Id. at 886. The hour stands alone. There is no ambiguity.

"Workweek" is also absent from the minimum wage law's enforcement provision, HRS § 387-12. That provision, too, contains no hint that something other than an hour could be the relevant measure. Contra Masterson v. Federal Express Corp., No. 07-CV-2241, 2008 WL 5189342, at *4 (M.D. Pa. Dec. 10, 2008) (weekly averaging allowed where Pennsylvania's minimum wage law "expressly promulgated a workweek standard for assessing criminal penalties").

Defendants read Douglas another way. They stress that the Ninth Circuit declined to hold that the FLSA's "in any workweek" language answers the unit-of-measure question on its own. But the language matters for a different reason. It creates interpretive space.

HRS § 387-2's text carries no such ambiguity. "Per hour" means per hour.

Defendants raise another textual argument. They point to HRS § 387-1(12) (2015), the dual-coverage rule that determines which law applies when an employee is subject to both federal and state wage requirements. It uses the word "workweek."

8

This shows the Legislature "expressly contemplates a workweek measure," Defendants claim.  Not so.

HRS § 387-1(12) is a coverage rule.  The Legislature amended it to "provide[] that the minimum wage most beneficial to the employee (between local law and the [FLSA]) shall apply." H. Stand. Comm. Rep. No. 230, in 1962 House Journal, at 355. The provision decides which regime controls.  It does not govern how compliance with either regime is measured.

The statute reads, in part, that an employee is not covered by Hawai'i's law when "the minimum wage which may be paid the employee or maximum hours which the employee may work during any workweek without the payment of overtime, are prescribed by the federal [FLSA]."  HRS § 387-1(12).

But it adds a proviso: "if the minimum wage which may be paid the employee under the [FLSA] for any workweek is less than the minimum wage prescribed by section 387-2, then section 387-2 shall apply[.]"  Id.

Look at where "workweek" appears, and where it does not.

The statute's first use of "workweek" concerns overtime. Sandwiched between "maximum hours" and "payment of overtime," the term connects to Hawai'i's overtime statute, HRS § 387-3(a) (2015).  That provision expressly incorporates the workweek unit.  Not minimum wage.

9

The other uses describe the FLSA's minimum wage framework, not Hawai'i's.  The Legislature invokes the workweek when referring to the federal statute, "minimum wage which may be paid . . . under the [FLSA] for any workweek[.]"  Id.  But when stating HRS § 387-2's requirements, it drops the term entirely, "minimum wage prescribed by section 387-2[.]"  Id.

This contrast is deliberate.  The Legislature knew the word "workweek."  It used it freely when discussing the FLSA and overtime.  It chose not to use it when describing Hawai'i's minimum wage standard.  That choice counsels against grafting the FLSA's workweek measure onto HRS § 387-2.

The Legislature also required employers to maintain daily records of employees' hours worked.  See HRS § 387-6 (2015). That requirement would be superfluous under a workweek-averaging model.  Weekly totals would suffice.  Tracking each day makes sense only if each hour of work carries independent legal significance.  It does.

Defendants offer another textual argument.  They say the Legislature used "an hour" and "per hour" interchangeably in different amendments to HRS § 387-2.  Sure, but this point doesn't help them.

Both phrases fix the hour as the unit of measure.  Neither invokes the workweek.  Neither hints at averaging.  Averaging has no home in this text.

10

None of this means employers lose flexibility. Employers and employees can agree to use alternative pay structures like commissions. See HRS § 387-3(c) (contemplating commission-based pay). But they may not "contract away an employee's right to earn a minimum wage for each hour worked." Balasanyan v. Nordstrom, Inc., 913 F. Supp. 2d 1001, 1008 (S.D. Cal. 2012); see HRS § 387-4.5 (2015) ("No provision of this chapter may in any way be contravened or set aside by private agreement.").

To be clear, nothing in our holding prohibits commission-based pay. Employers remain free to compensate workers through commissions or any other arrangement the parties agree to, so long as they satisfy the statutory minimum for each hour worked. HRS § 387-2 sets a floor, not a formula.

An employer who pays commissions complies with the statute when the worker receives at least the minimum wage for each hour worked. If commissions fall short in any given hour, the employer must make up the difference.

The text is unambiguous. HRS § 387-2 requires employers to pay their employees a minimum wage per hour. The per-hour unit applies.

## B. Legislative Intent

The text resolves the certified question. "[W]e do not resort to legislative history to cloud a statutory text that is clear." State v. Demello, 136 Hawai'i 193, 197, 361 P.3d 420,

11

424 (2015) (quoting State v. Kalama, 94 Hawai'i 60, 64, 8 P.3d 1224, 1228 (2000)).

But Defendants lean heavily on legislative history and statutory purpose. We address their arguments. They fail on these grounds too. Every indicator of legislative intent tells the same story. The hour wins.

Hawai'i looked to the FLSA in crafting its wage and hour law. No one disputes that. But lockstep with the FLSA's minimum wage protections was never the goal. Early legislative materials make this plain. The Hawai'i legislature aimed to "conform" its bill "more closely to [the FLSA] . . . with the hope of insuring that it be clear that the purpose of the Act is to secure the highest minimum wage rate for labor (within the fixed limits prescribed) that will be compatible with a continuance of the industry in full operation." 1941 Senate Journal, at 150.

The objective was securing the highest possible wage protections for Hawai'i workers. Not cloning the federal scheme.

The Legislature amended the dual-coverage provision to ensure that "the minimum wage most beneficial to the employee (between local law and the [FLSA]) shall apply." H. Stand. Comm. Rep. No. 230, in 1962 House Journal, at 355. The Legislature contemplated that state and federal protections may diverge. And it chose the more protective regime.

At its core, Hawai'i's minimum wage law embodies a promise to working people.  Every hour of labor has value.  Every hour of labor must be compensated.

The law does not rank hours by profitability.  An hour spent sweeping floors warrants the same dignity as an hour spent giving massages.

The statute makes a promise.  For each hour.  For every worker.

The per-hour unit honors that promise.  It "safeguard[s]" the "well-being of workers" the Legislature sought to protect. 21st Leg. of Terr. of Haw., Special Sess., ch. 259C-1 (1941).

The per-workweek unit does the opposite.  It tolerates uncompensated hours, so long as the weekly average clears the floor.  The minimum wage becomes an arithmetic exercise, not a protection.  See Carranza, 416 P.3d at 1209-13.

Workweek averaging "does not promote an environment in which a worker is ensured a fair day's pay for a fair day's work."  Norceide v. Cambridge Health Alliance, 814 F. Supp. 2d 17, 25 (D. Mass. 2011) (internal citation omitted).

Defendants maintain that the workweek unit benefits workers by accommodating commission-based pay structures that allow higher total compensation.  We disagree.

Employers remain free to use commissions to supplement the minimum wage.  But the minimum wage is a baseline, not a

balancing act.  Commissions earned for massages cannot offset unpaid hours spent laundering hotel linens.  The Legislature did not design the statute to work that way.

## C.  Other Jurisdictions

We are not alone in this reading.

In Carranza, the Washington Supreme Court analyzed language nearly identical to HRS § 387-2.  Washington's minimum wage act requires employers to pay workers "at a rate of not less than [the applicable minimum wage] per hour."  416 P.3d at 1208.  The court held that this text "unambiguously" forecloses workweek averaging.  Id. at 1210.  We agree with Carranza's reasoning.

Other courts too.  In Abarca v. Werner Enterprises, Inc., 774 F. Supp. 3d 1125, 1147 (D. Neb. 2025), and Petrone v. Werner Enterprises, Inc., 121 F. Supp. 3d 860, 872 (D. Neb. 2015), federal courts held that a state minimum wage provision mirroring HRS § 387-2 requires per-hour compliance.  So have courts in California, Nevada, and Georgia.  See Armenta v. Osmose, Inc., 37 Cal. Rptr. 3d 460, 467-68 (Cal. App. 2005); Porteous v. Capital One Servs. II, LLC, 809 Fed. Appx. 354, 357 (9th Cir. 2020); Anderson v. S. Home Care Servs., Inc., No. 1:13-CV-0840-LMM, 2016 WL 11521626, at *3-4 (N.D. Ga. Sep. 21, 2016).

Defendants cite cases from Oregon, Pennsylvania, and Florida that applied the workweek unit under state law.  Those

cases work against them.  Each relied on statutory language, agency regulations, or statutory frameworks that expressly adopted the federal approach.  See Wilken v. Cascadia Behavioral Health Care, Inc., No. CV 06-195-ST, 2007 WL 2916482, at *9 (D. Or. Oct. 5, 2007) (relying on Oregon regulations measuring compliance based on total wages over a pay period); Masterson, 2008 WL 5189342, at *3 (noting multiple provisions of Pennsylvania's statute referring to a workweek standard); Roop v. Wrecker & Storage of Brevard Inc., No. 6:12-cv-1387-Orl-31TBS, 2013 WL 5929032, at *4 (M.D. Fla. Nov. 1, 2013) (reasoning that Florida's statute uses "all hours worked," not "each hour").

HRS § 387-2 contains no comparable language supporting workweek averaging.  Defendants' out-of-state authority only highlights what our statute omits.

The pattern is clear.  When a state minimum wage law says "per hour" and nothing more, courts enforce it as written.  Hawai'i's law is no different.

One last argument.  Defendants invoke agency guidance. They argue that Hawai'i's Department of Labor and Industrial Relations (DLIR) wage and hour manual supports workweek averaging.  Agency deference applies only when statutory language is ambiguous.  Rosehill Trustee of Linda K. Rosehill Revocable Tr. dated August 29, 1989 v. State, 155 Hawai'i 41, 57,

15

556 P.3d 387, 403 (2024). The language here is not. The manual gets no deference.

We decline to take judicial notice of DLIR's manual excerpt submitted by Defendants. We also decline to take judicial notice of the supplemental materials submitted by Plaintiffs. The text is clear. The manual is unnecessary to resolve this question.

**IV.**

The unambiguous text of Hawai'i's minimum wage law requires that compliance and damages be assessed per hour.

HRS § 387-2 guarantees employees a minimum wage "per hour." That means for each hour. The Legislature chose these words. It said nothing about the workweek. It crafted a law that protects workers for each hour of work.

Hawai'i's minimum wage is not an average. It is not a number that reveals itself at the end of the week after the math works out. It is a promise, made to every worker, for every hour worked.

The worker who sweeps the spa. The worker who minds the store. The worker who launders the linens. Their labor makes the hotel run. Their work has value. So does their dignity. What they earn cannot vanish in the weekly average.

Hawai'i does not ask people to wait until Friday to learn whether all their hours will be compensated. It pays them for

the hours they work.  That is what the Legislature demanded.  That is the promise and intent we uphold.

We answer the certified question.  The per-hour unit of measure applies when measuring compliance and damages under HRS §§ 387-2 and 387-12.  Workweek averaging has no place in Hawai'i's minimum wage law.

Per hour means per hour.

| | |
|---|---|
| Brittany E. Harmssen and Martin K. LaPointe (Sandra D. Lynch on the briefs) for appellants | /s/ Vladimir P. Devens |
| | /s/ Sabrina S. McKenna |
| | /s/ Todd W. Eddins |
| Nathaniel P. Garrett and Judy M. Iriye (Wayne S. Yoshigai, Michael J. Gray, Amanda K. Rice, Liat L. Yamini on the briefs) for appellees | /s/ Lisa M. Ginoza |
| | /s/ Henry T. Nakamoto |

